UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

TAMMY EXFERD,

    Plaintiff,

*vs.*      Case No. 21-cv-649

McCLUSKEY CHEVROLET, INC.,
FRESHSTART HEADSTART, LLC, and
AVID ACCEPTANCE, LLC,

    Defendants.

## COMPLAINT

This action is brought by plaintiff Tammy Exferd against defendants McCluskey Chevrolet, Inc. ("McCluskey"), FreshStart HeadStart, LLC ("FreshStart"), and Avid Acceptance, LLC ("Avid"), based on the following:

### I.    PARTIES

1. Tammy Exferd is a natural person who, at all times relevant to this lawsuit was a citizen of and resided in De Pere, Brown County, Wisconsin.

2. McCluskey is a for-profit corporation formed under the laws of the state of Ohio.

3. On information and belief, McCluskey's principal place of business is located at 9673 Kings Auto Mall Road, Cincinnati, Ohio 45249.

4. McCluskey's registered agent in Ohio is CT Corporation System, 4400 Easton Commons, Waysuite 125, Columbus, Ohio 43219.

5. FreshStart is a for-profit limited liability company formed under the laws of the state of Ohio.

6. On information and belief, FreshStart's principal place of business is located at 10367 Morrison Road, Hillsboro, Ohio 45133.

7. The registered agent for FreshStart in Ohio is Bob Tillis I at 10367 Morrison Road, Hillsboro, Ohio 45133.

8. Avid is a for-profit limited liability company formed under the laws of the state of Utah.

9. On information and belief, Avid's principal place of business is located at 6995 Union Park Center, Suite 400, Cottonwood Heights, Utah 84047.

10. Avid's registered agent in Wisconsin is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

## II. JURISDICTION & VENUE

11. The jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337, and 1367.

12. The Court has personal jurisdiction over the defendants because they transact business in Wisconsin and this federal district.

13. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to plaintiff's claims occurred here.

## III. FACTS

14. McCluskey is engaged in the business of selling new and used cars.

15. FreshStart contracts with McCluskey to generate potential customers through direct mail advertising.

16. FreshStart directs its advertising to debtors in bankruptcy.

17. People who respond to the ad are directed to McCluskey.

18. FreshStart sent or caused to be sent a direct mail advertisement to Tammy Exferd.

19. The direct mail advertisment was sent to Ms. Exferd with actual and/or constructive knowledge that Ms. Exferd was a resident of Wisconsin. The direct mail advertisment was sent to Ms. Exferd's Wisconsin address.

20. A true and correct copy of the ad is attached hereto as ***Exhibit A*** except the undersigned has redacted portions of the ad.

21. The ad stated in relevant part that Ms. Exferd was pre-approved for an automobile loan for up to $34,919.

22. The ad stated that FreshStart is comprised of a "team" of:

> experts in every stage of the bankruptcy process and will help you find the right vehicle that meets your needs and budget. We will also help rid yourself of any existing auto loans and the bad debt that often comes with a vehicle that is no longer worth what you owe.

23. The ad further stated in relevant part:

- **QUICK CREDIT REBUILD -** The driving factor of a credit score is payment history. Opening a new loan during this limited time window and making on-time payments will drastically improve your credit score. As few as 12 timely payment could give you a 700 credit score.

24. The ad invited Ms. Exferd to call a toll free number: (877) 981-4753.

25. A call to (877) 981-4753 is answered by McCluskey employees.

26. Ms. Exferd responded to the ad and FreshStart referred her to McCluskey.

27. Ms. Exferd began communicating by text message with McCluskey employee, Donald Glen Schuchart, about the purchase and financing of a 2017 Chevrolet Trax ("Trax").

28. Mr. Schuchart represented that he worked for FreshStart.

29. As part of the application for financing, Mr. Schuchart told Ms. Exferd that he needed the names and addresses of six references, none of whom were family members.

30. When Ms. Exferd stated she was unable to provide six references, Mr. Schuchart advised her to make up the names and addresses of references.

31. Ms. Exferd provided as references the names of four persons whom she knew and who knew her.

32. Ms. Exferd subsequently discovered that the names of two additional persons whom she did not know had been added to the list of references.

33. Ms. Exferd obtained financing for the Trax on or after March 23, 2021 when McCluskey delivered the Trax, or caused it to be delivered, to her home in De Pere, Wisconsin.

34. Ms. Exferd executed the documents associated with the purchase and financing of the Trax at her home in De Pere, Wisconsin.

35. At the time the Trax was delivered, McCluskey failed to provide Ms. Exferd with a copy of the mandatory pre-sale safety inspection of the vehiclec – commonly called the "Wisconsin Buyers Guide."

36. At the time the Trax was delivered, McCluskey failed to provide Ms. Exferd with two copies of a notice informing her she had the right to cancel the transaction.

### IV. VIOLATIONS ALLEGED

37. FreshStart used the mails to send an ad to Ms. Exferd.

38. In the ad FreshStart represented that it could perform a service for Ms. Exferd – repair her credit and help her achieve a specific credit score.

39. In fact, FreshStart did nothing to improve Ms. Exferd's credit.

40. All FreshStart did was refer Ms. Exferd to McCluskey.

41. McCluskey paid FreshStart for its referral of Ms. Exferd to McCluskey.

42. McCluskey paid FreshStart for Ms. Exferd's purchase of a vehicle from McCluskey.

43. McCluskey employee, Donald Glen Schuchart, advised Ms. Exferd to lie to obtain financing for the Trax by creating the names and addresses of fictional references.

### V. CAUSE OF ACTION FOR VIOLATION OF THE CREDIT REPAIR ORGANIZATIONS ACT

44. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

45. Ms. Exferd is a "consumer" as defined in 15 U.S.C. § 1679a(1).

46. FreshStart is a "credit repair organization" as defined by 15 U.S.C. § 1679a(3).

47. McCluskey is a "person" as referred to in 15 U.S.C. § 1679(b).

48. FreshStart made or used an untrue or misleading representation of its services in violation of 15 U.S.C. § 1679b(a)(3).

49. McCluskey advised Mr. Exferd to make a statement which was untrue or misleading with respect to her credit worthiness, credit standing, or credit capacity to a person to whom Ms. Exferd was applying for an extension of credit in violation of 15 U.S.C. § 1679b(a)(1)(B)(ii).

### VI. CAUSE OF ACTION FOR VIOLATION OF THE WISCONSIN CONSUMER ACT

50. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

51. Wis. Stat. § 422.503(1)(b) provides, in pertinent part, that a "credit services organization, and its salespersons, agents and representatives" cannot:

> Make, or counsel or advise any buyer to make, any statement
> which is untrue or misleading and which is known, or which

> by the exercise of reasonable care should be known, to be untrue or misleading, to a consumer reporting agency or to any person who has extended credit to a buyer or to whom a buyer is applying for an extension of credit, with respect to a buyer's credit worthiness, credit standing or credit capacity.

52. FreshStart, through its agent or representative, Donald Glen Schuchart, violated Wis. Stat. § 422.503 when it assisted, counseled, advised, and instructed plaintiff to make a false, misleading, and/or untrue statement related to her creditworthiness, while procuring an extension of credit for her.

53. McCluskey's violations are a claim or defense arising from the consumer credit transaction/retail installment contract. As such, Avid is also liable as a subsequent purchaser of a consumer credit transaction (as that term is used in Wis. Stat. § 421.103(10)) between plaintiff and McCluskey under Wis. Stat. § 422.407.

54. Plaintiff has a defense to the enforcement of the consumer credit transaction/retail installment contact as to Avid under Wis. Stat. § 422.407 as Avid is a subsequent purchaser of a consumer credit transaction (as that term is used in Wis. Stat. § 421.103(10)) between plaintiff and McCluskey.

55. Plaintiff has suffered damages as result of FreshStart's and McCluskey's violations of Wis. Stat. § 422.503.

56. Under Wis. Stat. § 425.305, Plaintiff is seeking to have the lien avoided (or in the alternative, seeking payment of the purchase price of the vehicle), actual damages, the return of payments already made towards the Trax, punitive damages, a declaration that any balance owed is not owed, and reasonable attorneys' fees and costs.

## VII. CAUSE OF ACTION FOR VIOLATION OF WIS. STAT. § 218.0116(1)(E)

### DEFENDANT MCCLUSKEY ONLY

57. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

58. McCluskey failed to provide an accurate copy of the Wisconsin Buyers Guide and to disclose the condition and history of the vehicle prior to the sale to plaintiff.

59. Contrary to Wis. Stat. § 218.0116(1)(e), McCluskey concealed material particulars of the vehicle—a mandatory safety inspection—to plaintiff, entitling her to damages, costs of this action and reasonable attorneys' fees under Wis. Stat. §218.0163(2).

## VIII. CAUSE OF ACTION FOR VIOLATION OF WIS. STAT. § 218.0116(1)(BM)

### DEFENDANT MCCLUSKEY ONLY

60. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

61. As alleged above, McCluskey has violated Wis. Stat. § 218.0116(1)(e).

62. Contrary to Wis. Stat. § 218.0116(1)(bm), McCluskey failed to comply with multiple provisions, rules and regulations of Wis. Stats. §§ 218.0101 to 281.0163 entitling plaintiff to damages, costs of this action and reasonable attorneys' fees under Wis. Stat. §218.0163(2).

## IX. CAUSE OF ACTION FOR VIOLATION OF WIS. STAT. § 100.18

63. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

64. Plaintiff carefully considered FreshStart's representations about helping her repair her credit prior to deciding to purchase the Trax.

65. Plaintiff reasonably relied on FreshStart's representations about helping her repair her credit by purchasing the Trax and suffered losses as a result.

66. FreshStart's advertisements and representations that it could repair plaintiff's credit were inaccurate and untrue, and made with the intent to induce her to purchase a vehicle.

67. Contrary to Wis. Stat. § 100.18(1), Fresh Start made assertions, representations and statements of fact which were untrue, deceptive and misleading entitling plaintiff to damages, costs of this action and reasonable attorneys' fees under Wis. Stat. §100.18(11)(b).

## X. CAUSE OF ACTION FOR VIOLATION OF WIS. STAT. § 427
### DEFENDANT AVID ONLY

68. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

69. The amount that Avid has attempted to collect (and has collected) from plaintiff constitutes a "claim" as that term is defined at Wis. Stat. § 427.103(1).

70. Avid violated § 427.104(1)(h) in that the conduct as described herein could reasonably be expected to harass a person since it had no right to collect the funds from Plaintiff.

71. Avid's conduct violated § 427.104(1)(j) in that it did not have a right to collect funds from plaintiff.

72. As a result of the illegal conduct, plaintiff has suffered actual damages, including emotional distress, mental anguish, and loss of property.

Avid is liable to plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Wis. Stat. § 427.105.

## XI. PRAYER FOR RELIEF

73. WHEREFORE, plaintiff demands judgment against defendants. Specifically, plaintiff request entry of an order:

(a) Awarding actual damages to plaintiff pursuant to 15 U.S.C. § 1679g(a)(1);

(b) Awarding punitive damages to plaintiff pursuant to 15 U.S.C. §1679g(a)(2);

(c) Awarding reasonable attorneys's fees and the costs of the action pursuant to 15 U.S.C. § 1679g(a)(3);

(d) Awarding, to the extent the recovery of attorney's fees and the costs of the action pursuant to 15 U.S.C. § 1679g(a)(3) causes a negative tax consequence to plaintiff, a sum sufficient to ameliorate such consequences; and

(e) Requiring McCluskey to pay all compensatory, incidental, and consequential damages and any other damages allowed by law in an amount to be determined at trial for violations of Wis. Stats. §§ 218.0116(1)(e)) and (bm);

(f) Requiring FreshStart and McCluskey to pay all compensatory damages, incidental and consequential damages, and other damages allowed by law in an amount to be determined at trial for violations of Wis. Stat. § 100.18(1);

(g) Awarding attorney's fees and costs pursuant to Wis. Stat. §§ 218.0163(2) and Wis. 100.18(11)(b);

(h) Declaring the lien avoided, requiring return of all payments already made on the Trax, and requiring Fresh Start and McCluskey to pay all actual,

statutory, and punitive damages, and reasonable attorney fees and costs under Wis. Stat. § 425.305;

(i) Barring FreshStart and McCluskey from collecting on the retail installment contact and declaring no funds are owed;

(j) Declaring as to Avid, that no further funds are owed on the retail installment contract, that any lien on the vehicle is released, and requiring Avid to pay actual damages, punitive damages, and attorney's fees and costs;

(k) Requiring FreshStart and McCluskey to pay actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees under Wis. Stat. § 427;

(l) Requiring FreshStart and McCluskey to pay actual damages, statutory damages, punitive damages, and reasonable attorney fees and costs as permitted by statute.

## XII. JURY DEMAND

74. Trial by jury is demanded on all issues so triable.

DATE: May 25, 2021

s/ Nathan DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Dr, Suite 109
Brookfield, WI 53005
(414) 377-0515
nathan@dela-law.com

Francis R. Greene (1115577)
GREENE CONSUMER LAW

1954 1st St. #154
Highland Park, IL 60035
Telephone: 312-847-6979
Facsimile: 312-847-6978
E-mail: Francis@greeneconsumerlaw.com

*Attorneys for Plaintiff Tammy Exferd*